LAS VEGAS STAR TAXI, INC., a Nevada Corporation;
THOMAS FLETCHER, Individually, Appellants, v.
ST. PAUL FIRE & MARINE INSURANCE COMPANY,
Respondent.

No. 16011

February 20, 1986                              714 P.2d 562

*Thompson and Harper,* and *Donald Green,* Las Vegas, for
Appellants.

*J. Bruce Alverson,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a summary judgment in favor of
respondent St. Paul Fire and Marine Insurance Company based
upon a holding that as a matter of law its insured, Las Vegas Star
Taxi, had not complied with policy requirements of notice and
that the insurance company was not required to prove prejudice in
order to avoid coverage.

Two issues are raised on appeal. The first issue is whether the court erred in determining, as a matter of law, that timely notice to the insurance company was a condition of coverage which was not met by the policy holder. The second issue is whether the insurance company must show prejudice in order to avoid coverage responsibility, even in cases where notice required by the policy is not given.

As to the first issue Star Taxi claims that the policy does not clearly define notice by the insured to the company as being a condition precedent, principally because the words "condition precedent" do not appear in the policy. The language used in the policy makes it amply clear that timely notice is a condition of coverage and must be carried out in order to render the insurance company liable under its contract of insurance.[1] Indeed, the policy not only specifies that notice is a condition of coverage, it also provides that no legal action may be brought against the insurer unless the insured has complied with the contract terms. The policy is unambiguous in this regard.

The trial judge was correct in ruling that the notice condition of the policy was not fulfilled. The accident claimed to be covered by the policy occurred on August 3, 1981. On October 20, 1982, the injured party sued Star Taxi; the complaint was answered by Star Taxi in March of 1983. Later a trial date was set for February 13, 1984. There is no evidence that notice of the accident or of the lawsuit had been given to the insurance company by Star Taxi until shortly before the date set for trial.

On February 3, 1984, ten days before the trial date, Star Taxi told the insurance company about the lawsuit. On February 9, 1984, the company filed the present lawsuit seeking a judicial declaration of its legal coverage obligations under the stated circumstances. On the next day, February 10, 1984, Star Taxi, on its own, and without telling the insurance company, settled the

---

[1]The policy language in question is as follows:

PART VI—CONDITIONS

The insurance provided by this policy is subject to the following conditions:

A. YOUR DUTIES AFTER ACCIDENT OR LOSS.

1. You must promptly notify us or our agent of any accident or loss. You must tell us how, when and where the accident or loss happened. You must assist in obtaining the names and addresses of any injured persons and witnesses.

2. Additionally, you and other involved insureds must:

. . . .

b. Immediately send us copies of any notices or legal papers received in connection with the accident or loss.

personal injury lawsuit by paying the injured party $150,000.00. Star Taxi now wants the insurer to pay this $150,000.00.

In response to St. Paul's motion for summary judgment Star Taxi does not say when, how, to whom or by whom notice was given. Star Taxi says only, in effect, "but we always give notice." In the hearing on the summary judgment motion, the district judge asked counsel for Star Taxi if he would please advise the court of the time frame during which notice was supposedly given. Counsel advised that he did not know.

The affidavits in opposition to summary judgment do not claim that any specific notice was given. An agent of Star Taxi, Tom Malone, merely says that he is "confident that Crawford and Company was notified on August 3, 1981," basing this confidence on his knowledge of a company "policy" that when a driver got in an accident he was required to notify the dispatcher. According to Malone, under these circumstances the dispatcher would "always and without exception" contact an insurance adjuster who represented St. Paul and notify the adjuster of the accident as reported by the driver to the dispatcher.

The district judge saw the absurdity of Star Taxi's position, based as it was on an assertion by a taxi company representative that he was "confident" that if the driver notified the dispatcher, then the dispatcher as a matter of company policy would have notified an insurance adjuster for St. Paul. Even if the trial court was satisfied that affiant Malone, was "confident that Crawford and Company was notified on August 3, 1981" (the date of the collision), the judge was certainly justified in not sharing such confidence and in rejecting this confidence as competent evidence that some unidentified notice had been given at some unknown time and place between persons unknown.

Rather than simply throwing such unreliable opinion out, the judge patiently offered Star Taxi an opportunity to come forth with some actual evidence that some, definitive notice of the claim or the lawsuit had been given to the insurance company. The district court granted the summary judgment conditionally, offering Star Taxi the opportunity to bring forward "proof as distinguished from hearsay and conjecture" pursuant to Rule 56(f). Star Taxi came forward with no such proof, and summary judgment went into effect. The district court acted prudently and correctly, and we will not set aside its judgment in this regard.[2]

Star's second point is that even absent the notice required by

---

[2]Star Taxi claims also that St. Paul should have been on notice by reason of a notice sent by Star Taxi to the Department of Motor Vehicles of which Star Taxi claims St. Paul was "informed by the Nevada Department of Motor Vehicles of said accident sometime after October 2, 1981." The district judge was equally correct in disregarding this kind of proof.

the policy St. Paul would, as stated in its brief, still have "to show actual prejudice in order to avoid liability" and would "need to prove that the settlement figure of $150,000 was excessive." By Star's way of thinking it would be perfectly all right for an insured to fail to give notice to the insurer of the existence of claims covered by the insurance policy and then settle such claims on its own and on its own terms. The insured would then simply send a bill to the insurance company and, unless it could show actual prejudice, that is, that the amount paid "was excessive," the insurer would have to pay the bill. On its face this is not a very reasonable position.

On this record Star Taxi did not give St. Paul any notice of the accident or of the lawsuit until ten days before the lawsuit was scheduled to go to trial. No purpose can be seen in the giving of notice at this time other than Star's apparent wish to get the insurance company involved in indemnification of the claim this late in the day. One would think that once having made this request for indemnity and defense Star Taxi would at last stay out of the matter. Instead of staying out Star Taxi went to the claimant and settled the injury claim for $150,000.00 without notice to or consent by the insurance company. Now it wants the insurance company to pay the $150,000.00 unless the company can "*prove* that . . . $150,000 was excessive." (Emphasis added.)

Reason rejects Star Taxi's position. No insurance company can fairly be called upon under such circumstances to come in and *prove* that the insured's settlement compromise was excessive or that the insurance company would not under all of the contingencies of the injured party's claim have had to pay the settlement sum or more.

Under the facts of this case the insurance company cannot be fairly required or expected to *prove* anything. Star Taxi certainly will not be allowed to obligate itself to pay $150,000.00 and then be entitled to require the insurance company to pay unless the company can come to court and prove that the settlement figure was too high. Such a position emasculates both the letter and spirit of the insurance contract.

If we were to consider the question of prejudice raised by Star Taxi, we would have to decide in this case that St. Paul was prejudiced as a matter of law; but it is not necessary to consider the issue here because Star Taxi's conduct in settling the law suit goes so far beyond the legitimate limits of the insurance contract as to absolve the insurance company of any liability under the policy.

The district judge was correct in ruling that St. Paul was entitled to judgment as a matter of law. The judgment is affirmed.